Date signed June 02, 2009



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| Sharnnetta Erica Davis | * | Case No. | 08-16337-DK |
| | * | Chapter | 13 |
| | * | | |
| | * | | |
| Debtor | * | | |

### MEMORANDUM OPINION

Before the court is the issue of confirmation of the above-captioned Debtor's chapter 13 plan. For the reasons set forth herein, the court will confirm the chapter 13 plan and instructs that the chapter 13 trustee shall upload the appropriate Order Confirming Plan.

The Debtor filed this voluntary chapter 13 case on May 7, 2008.[1] She filed her chapter 13 plan at the time of petition, and later amended it on June 24, 2008 and again on July 3, 2008. The trustee requested continuances for the confirmation hearings and finally on September 23, 2008 recommended that the Debtor's plan be confirmed subject to being held for ten days. At a later hearing, the chapter 13 trustee explained that she requested the court delay entry of the confirmation order so that she could verify receipt of some payments.

Thereafter on October 1, the Debtor filed a line requesting to amend her plan to increase the

---

[1] Debtor received a discharge in her prior chapter 13 case, Case No. 04-32961, on December 4, 2006.

proposed monthly payments by $17.  On October 7, 2008, the chapter 13 trustee filed a request for the court to reset a hearing on plan confirmation.  A hearing was held on November 25, 2008, at which Trustee explained that in addition to some other issues, Debtor was still in arrears on plan payments by one month due to a missing July 2008 payment.  The court continued the hearing until February 10, 2009 to allow the Debtor time to respond to additional claims that had been filed and to account for the July 2008 payment which she claimed to have made.

On February 20, 2009, the court held the continued confirmation hearing.  The court entered an Order Denying Confirmation Without Leave to Amend after Debtor failed to appear at the hearing, had not filed a response to an asserted claim or amended her plan as discussed at the prior hearing.  Further, the chapter 13 trustee informed the court that Debtor still had not provided any documentation regarding the missing July 2008 payment.

On March 10, 2009, Debtor filed an amended plan greatly increasing her monthly plan payments, and also a Response to the Order Denying Confirmation (requesting that the order be vacated).  The court set the Debtor's Response for hearing.  The chapter 13 trustee filed an opposition stating that Debtor was in material default of the plan, had not provided a certificate of service for the amended plan and had not provided pay stubs and a pre-confirmation certificate.

On April 14, 2009, this court held a hearing at which Debtor continued to aver in argument (not in evidence) that the July 2008 payment had been made and that she was not in arrears as the chapter 13 trustee calculated.  As to other matters, the court was satisfied that the plan could be confirmed.  As stated on the record, the court entered Orders vacating the denial of confirmation and continuing the hearing upon confirmation to allow for the submission of evidence by the Debtor concerning the plan payments.  Debtor filed a document on April 28, 2009 and the chapter 13 trustee responded.  Debtor did not provide any evidence whatsoever as to the missing July 2008 payment.  However, the chapter 13 trustee has represented that based on the receipt of catch-up

2

payments, the Debtor was current and the plan could be confirmed.

Accordingly, the court will enter confirmation of Debtor's plan. However, because the Debtor has failed to submit any factual evidence as ordered, to support the arguments made at hearing to the contrary, the court must find that the July 2008 payment was not made and the correct accounting of the plan payments is that represented in the trustee's accounting as evidence by her exhibit attached to her May 7, 2008 Response.

No further hearing is necessary and the chapter 13 trustee shall submit the Order Confirming Plan.

cc:     Debtor-pro se
        Chapter 13 Trustee
        U.S. Trustee
        All Other Parties-In-Interest

**End of Order**